FILED

MAY 29 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TOMMY LEE WALKER, <br><br> Defendant. | No. CR-12-70555 MAG (DMR) <br><br> DETENTION ORDER |

## I.  DETENTION ORDER

Defendant Tommy Lee Walker is charged in a criminal complaint with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).  On May 23, 2012, the United States moved for Mr. Walker's detention and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f).  Pretrial Services prepared a full bail study.

Following a hearing on May 29, 2012, and considering the parties' proffers, the bail study, and the factors set forth in 18 U.S.C. § 3142(g), the court finds clear and convincing evidence that Mr. Walker presents a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other

DETENTION ORDER
CR 12-00555 MAG (DMR)                          1

cc: Copy to parties via ECF, 2 Certified copies to US Marshal, Pretrial Services

1  person or the community. 18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d
2  1403, 1406 (9th Cir. 1985).
3      The court begins its analysis by examining the nature and circumstances of the offense,
4  and the weight of the evidence. 18 U.S.C. § 1342 (g). The weight of the evidence is the least
5  important factor, in order to avoid the possibility of a bail determination becoming a mini-trial on
6  the merits. *See, e.g., United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The
7  allegations in the sworn affidavit supporting the criminal complaint state that law enforcement
8  responded to the report of a disturbance at a residence in San Leandro, California. They were
9  told that Mr. Walker and his girlfriend were involved in an argument, that the two were under the
10 influence of drugs and alcohol, and that Mr. Walker had a firearm. When approached by the
11 officers, Mr. Walker fled through the rear exit of the house. Mr. Walker was apprehended after a
12 chase. Officers found a fully loaded .357 magnum revolver in his pants pocket. Although this
13 information lends support to a finding that Mr. Walker presents a danger to the community as
14 well as a flight risk, the court cannot, and does not give controlling weight to the evidence
15 presented in this case.
16     In addition, however, Mr. Walker has a substantial and serious criminal record dating
17 back to 1995. Between 1995 and 2010, Mr. Walker sustained eleven felony convictions,
18 including for drug and firearm related crimes. He also sustained six misdemeanor convictions
19 during that same period, which included convictions for battery with serious bodily injury and
20 attempting to elude a police officer. Mr. Walker committed many of these crimes while on
21 community supervision, resulting in numerous probation or parole violations. In fact, Mr.
22 Walker was arrested in the present case while on county probation.
23     Mr. Walker's lengthy and serious criminal history, coupled with his numerous probation
24 and parole violations constitute clear and convincing evidence that he presents a danger to the
25 community that cannot be mitigated through a combination of release conditions.
26
27                                 II. CONCLUSION
28     The Court detains Mr. Walker. He shall remain committed to the custody of the Attorney

DETENTION ORDER
CR 12-00555 MAG (DMR)             2

General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: May 29, 2012

_____
DONNA M. RYU
United States Magistrate Judge

DETENTION ORDER
CR 12-00555 MAG (DMR)                              3